The PEOPLE of the State of Colorado,
Plaintiff–Appellant.

v.

Abraham HAGOS, Defendant–Appellee.

No. 03SA271.

Supreme Court of Colorado,
En Banc.

April 18, 2005.

Mitchell R. Morrissey, District Attorney, Second Judicial District, Robert J. Whitley, Chief Appellate Deputy District Attorney, Denver, for Petitioners.

Samler & Whitson, P.C., Hollis A. Whitson, The Law Office of Lindy Frolich, LLC, Lindy Frolich, Denver, for Respondent.

Chief Justice MULLARKEY delivered the opinion of the court.

## I. Introduction

In this case, the prosecution asks us to review the constitutionality of section 18–1.4–102(1)(e), 6 C.R.S. (2002). In a companion case also decided today, *People v. Canister*, No. 03SA170, 110 P.3d 380, 2005 WL 878525 (Colo.2005), we conclude that the statutory provision is special legislation in violation of article V, section 25 of the Colorado Constitution. Accordingly, the prosecution may not seek the death penalty against Abraham Hagos under that section, or under the capital sentencing scheme in place at the time of his conviction. We therefore uphold the order of the trial court, and remand the case for imposition of a life sentence without the possibility of parole.

## II. Facts and Procedural History

On April 26, 2002, a jury convicted Hagos of first degree murder,[1] attempted first degree murder,[2] conspiracy to commit first degree murder,[3] and two counts of retaliation

---

1. § 18–3–102, 6 C.R.S. (2001).

2. § 18–2–101, 6 C.R.S. (2001).

3. § 18–2–201, 6 C.R.S. (2001).

against a witness.[4] Prior to trial, the prosecution announced it was seeking the death penalty. A sentencing hearing was originally scheduled for June 24, 2004. That same day, the United States Supreme Court announced its decision in *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), holding that an Arizona statute allowing for a judge, rather than a jury, to find aggravating factors necessary to impose the death penalty violated the Sixth Amendment. The capital sentencing statute in force in Colorado at the time of the decision similarly provided for a three-judge panel to find such aggravating factors. § 16–11–103, 6 C.R.S. (2001). The sentencing hearing was delayed, and Hagos subsequently made a motion for a life sentence in light of *Ring* on July 2, 2002.

The Governor called a special legislative session on July 1, 2002, to reform Colorado's capital sentencing procedures in response to *Ring*. At the session, the legislation passed a bill that became effective on July 12, 2002, prospectively abolishing the three-judge panel and returning the responsibility for finding aggravating factors and determining whether the defendant would receive a death sentence to the jury that heard the guilt phase. § 18–1.4–102, C.R.S. (2004). As part of the bill, the legislature enacted section 18–1.4–102(1)(e), which provides:

> If, as of July 12, 2002, the prosecution has announced it will be seeking the death sentence as the punishment for a conviction of a class 1 felony and a defendant has been convicted at trial of a class 1 felony or has pled guilty to a class 1 felony, but a sentencing hearing to determine whether the defendant shall be sentenced to death or life imprisonment had not yet been held, a jury shall be impaneled to determine the sentence at the sentencing hearing pursuant to procedures set forth in this section or, if the defendant pled guilty or waived the right to a jury sentencing, the sentence shall be determined by the trial judge.

Hagos, and the defendant in the companion case, Randy Canister, were and are the only two people to whom the provisions of this section could ever apply.

The district court ruled on Hagos's motion for a life sentence on August 8, 2003. The court determined that "the U.S. Supreme Court's ruling in *Ring* held the Colorado three-judge panel sentencing procedure unconstitutional on Sixth Amendment grounds." The court further found that the newly enacted section 18–1.4–102(e) was an unconstitutional ex post facto law. Accordingly, the court held that the prosecution could not seek the death penalty for Hagos.[5]

Pursuant to section 16–12–102(1), C.R.S. (2004), the prosecution appealed the trial court's ruling to this court. Following our ruling in *Canister*, we uphold the court's order on the grounds that section 18–1.4–102(1)(e) is special legislation in violation of article 5, section 25 of the Colorado Constitution.

## III. Analysis

The defendant in *Canister* was convicted of a class 1 felony on July 9, 2002, after *Ring* was decided and before section 18–1.4–102(1)(e) became effective. In a post-trial motion Canister sought to preclude the prosecution from seeking the death penalty under section 18–1.4–102(1)(e). The district court found the section to be unconstitutional because it violated prohibitions against special legislation, bills of attainder and ex post facto laws.

Reviewing the court's order on the prosecution's appeal, we decided in the companion case that section 18–1.4–102(1)(e) is unconstitutional special legislation. Because we held that the section was special legislation, we declined to address the prosecution's arguments regarding bills of attainder and ex post facto laws. We take the same course in the present case. Applying the holding in *Canister*, we find that section 18–1.4–102(1)(e) contravenes the Colorado Constitution's prohibition against special legislation. The three-judge capital sentencing scheme in effect at the time of Hagos's conviction is also unconstitutional. *See Ring*, 536 U.S. at 589, 122 S.Ct. 2428; *Woldt v. People*, 64 P.3d

---

4. § 18–8–706, 6 C.R.S. (2001).

5. Hagos is currently serving a sentence of life without parole for a conviction in another case.

256, 259 (Colo.2003). Accordingly, we uphold the district court's order precluding the prosecution from seeking the death penalty against Hagos and remand for the imposition of a life sentence without the possibility of parole. *See* § 18–1.3–401(4), C.R.S. (2004).

Justice KOURLIS dissents.

Justice COATS does not participate.

Justice KOURLIS dissenting.

Today, the majority issues two companion cases dealing with section 18–1.4–102(1)(e), C.R.S. (2004): *People v. Canister,* No. 03SA170, 110 P.3d 380, 2005 WL 878525, slip op. (Colo. April 2005), and this case. In both cases, the majority concludes that the statute the General Assembly passed to establish a sentencing procedure for cases pending when *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) was decided is special legislation in violation of the Colorado Constitution. Justice Coats and I dissented from that result in the *Canister* case.

Justice COATS does not participate in this case. However, I respectfully dissent here for the same reasons outlined in the *Canister* dissent. I would uphold the legislation, reverse the trial court and allow the prosecution to seek the death penalty in this case.